UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIS GRIFFIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION H-18-4359 |
| PINNACLE HEALTH FACILITIES XV, LP, | § | |
| d/b/a BROOKHOLLOW HEIGHTS | § | |
| TRANSITIONAL CENTER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Pending before the court is plaintiff Loris Griffin's motion to remand this case to the 334th Judicial District Court of Harris County, Texas. Dkt. 4. Defendant Pinnacle Health Facilities XV, LP, d/b/a Brookhollow Heights Transitional Center ("Pinnacle Health") does not oppose Griffin's motion to remand. Dkt. 13 at 2. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Griffin filed suit against Pinnacle Health on March 9, 2018, in the 334th Judicial District Court of Harris County, Texas. Dkt. 1-2 at 3. In her original and amended petitions, Griffin brought Texas-law wrongful termination, negligence, and retaliation claims against her former employer, Pinnacle Health. Dkt. 1 at 1; Dkt. 4 at 2; *see also* Dkt. 1-2 at 3–9 (original petition); Dkt. 1-2 at 26–38 (first amended petition); Dkt. 1-2 at 40–52 (second amended petition). Notably, Griffin's second amended petition also included a breach-of-contract claim, alleging that Pinnacle Health violated the terms of the employee benefit plan in which she participated. Dkt. 1-2 at 49.

Pinnacle Health argued that the plan under which Griffin brought her contract claim is regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461 (2011). Dkt. 1 at 2. Pinnacle Health removed the lawsuit to this court on November 16, 2018, citing ERISA § 502(e)(1)'s grant of exclusive jurisdiction to the federal district courts. *Id.* at 3.

On December 17, 2018, Griffin simultaneously filed motions for leave to file a third amended complaint and to remand back to state court on grounds that her new complaint would eliminate Pinnacle Health's entitlement to federal jurisdiction. Dkt. 3; Dkt. 4 at 1. The court granted Griffin's unopposed motion for leave to amend her complaint. Dkt. 7. Griffin's third amended complaint indeed omitted the breach-of-contract claim that, according to Pinnacle Health, triggered exclusive federal jurisdiction under ERISA. *See* Dkt. 8 at 2 (alleging state-law negligence and discrimination causes of action).

Griffin argues that this court lacks subject matter jurisdiction over her remaining state-law claims because they "substantially predominate" over the now-deleted ERISA claim, and "judicial economy, convenience, fairness, and comity all compel remand." Dkt. 4 at 8.

## II. ANALYSIS

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2013). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *aff'd*, 503 U.S. 131, 112 S. Ct. 1076 (1992). "To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal." *Oliver v. Lewis*, 891 F. Supp. 2d 839, 842 (S.D. Tex. 2012) (Rosenthal, J.) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

The statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy*, 855 F.2d at 1164. Therefore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A. **Subject Matter Jurisdiction**

Griffin's second amended petition governed her lawsuit when Pinnacle Health filed its notice of removal. That petition contained a breach-of-contract claim arising under ERISA, triggering this court's federal-question jurisdiction.[1] *See* Dkt. 1-2 at 49 (alleging that Pinnacle Health "failed to honor its agreement with" Griffin under Pinnacle Health's employee benefit plan and "failed to perform its obligation to provide benefits and services as defined in" that plan); *see also* 28 U.S.C. § 1331 (2010) (establishing federal-question jurisdiction).

When the court granted Griffin leave to amend her complaint, her subsequent filing omitted the breach-of-contract claim that had triggered the court's original jurisdiction under § 1331. However, "a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985). "[O]nce a case is properly removed, the district court retains jurisdiction even if the federal claims are later dropped or dismissed." *Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015). Accordingly, the court continues to have § 1331 jurisdiction over this case despite Griffin's elimination of the breach-of-contract claim from her third amended complaint.

---

[1]Griffin acknowledges in her motion to remand that her second amended petition included a federal claim. *See* Dkt. 4 at 7 (emphasis added) ("Where, *as here*, all federal-law claims in the action have been eliminated . . .").

B.  **Supplemental Jurisdiction**

Because Griffin deleted the federal claim upon which removal was based, the court next must consider whether to exercise supplemental jurisdiction and maintain the remaining state-law claims in federal court. Griffin argues that the court should not exercise such discretion. Dkt. 4 at 7–8.

When a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as the federal anchor claim. 28 U.S.C. § 1367(a) (2017). However, courts "must remain diligent in following the Supreme Court's . . . command that federal courts avoid needless decisions of state law." *Enochs v. Lampasas County*, 641 F.3d 155, 163 (5th Cir. 2011).[2] "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009).

"In determining whether . . . to relinquish jurisdiction over pendent state law claims," a district court must "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 158–59 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614 (1988), as setting forth the common-law factors). "[N]o single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). A court must "consider and balance each of the factors" with a cautionary eye directed toward improper forum shopping. *Enochs*, 641 F.3d at 159.

---

[2]In her motion to remand, Griffin extensively cites *Enochs* as binding authority that must guide the court's analysis. Dkt. 4 at 5–8. The court agrees that *Enochs* is on-point.

4

### 1. Statutory Factors

The court first considers the § 1367(c) statutory factors. A district court has discretion to decline to exercise supplemental jurisdiction over a state-law claim

> if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).

While Griffin's state-law claims raise no novel or complex issues of state law, her negligence and discrimination causes of action predominate over her now dismissed ERISA claim, since the court dismissed all federal claims when it granted leave for Griffin to file her third amended complaint.[3] Finally, the Fifth Circuit has instructed that a "heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction" under § 1367(c)(4). *Enochs*, 641 F.3d at 159. Here, a balancing of the common-law factors, discussed below, also favors remand. Thus, in sum, the court finds that three statutory factors counsel remand.

---

[3] The court notes that *Chameleon Distributors, LLC v. Virtuoso Selections, LLC*, No. 4:18-CV-1211, 2018 U.S. Dist. LEXIS 113026, at *6 (S.D. Tex. July 9, 2018) (Ellison, J.), interprets § 1367(c)(3) differently than the court does today. There, the court found that subsection (c)(3) applies to a scenario "in which the *district court* has dismissed all claims over which it has original jurisdiction," not one in which a plaintiff "has voluntarily abandoned its only federal claim." *Id.*

However, the court cannot overlook the Fifth Circuit's interpretation of subsection (c)(3) to encompass a plaintiff's deletion of a federal claim from her amended complaint. *See Enochs*, 641 F.3d at 159 (determining that "the district court dismissed all federal claims when it granted Enochs's motion to file an amended complaint"). Therefore, notwithstanding *Chameleon Distributors*, the court finds that Griffin's deletion of the ERISA claim from her third amended complaint constituted effective dismissal of all federal claims as contemplated by § 1367(c)(3).

### 2. Common-Law Factors

Next in its remand inquiry, the court considers the *Carnegie-Mellon* common-law factors: judicial economy, convenience, fairness, and comity. Here, three of the four factors favor remand.

First, this case is in its infancy and few judicial resources have been expended thus far. There is no apparent need for either party to duplicate much discovery or trial preparation work upon remand. Moreover, while the court is competent to interpret Texas law, the court has no substantial or intimate familiarity with the areas of state law at issue here. Therefore, the interests of judicial economy could be advanced by remand.

Further, it is "certainly fair to have . . . purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would [be] prejudiced by a remand to Texas state court." *Id.* at 160. Finally, comity compels remand: Our federalist system favors state-court determinations of state law, and Griffin's third amended complaint contains only state-law claims.

Convenience is the only factor that does not dictate remand. The 334th Judicial District Court is geographically near this court, but that fact's relevance appears insignificant given the favorable factors' strong weight. Thus, the court finds that three of the four *Carnegie-Mellon* common-law factors counsel remand.

### 3. Forum Manipulation

While mindful that the court must "guard against improper forum manipulation," the court also must "avoid needless decisions of state law." *Id.* at 159, 163. Forum manipulation "is not so serious of a concern that it can become a trump card which overrides all of the other factors [a court is] instructed to consider and balance." *Id.* at 161.

The Fifth Circuit has said that a plaintiff's

> motion to amend his complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all. . . . In any case, the Supreme Court's instruction for district courts to "guard against forum manipulation" is explicitly qualified for situations . . . where other considerations weigh heavily in favor of remand.

*Id.* at 160 (quoting *Carnegie-Mellon*, 484 U.S. at 357). Here, even if Griffin's "amend-remand" procedural maneuver resembles forum manipulation, it is "not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand." *Id.* at 161.

Accordingly, the court declines to exercise § 1367 supplemental jurisdiction over the state-law claims contained in Griffin's third amended complaint. With no justification upon which to maintain this case in federal court, the court GRANTS Griffin's motion to remand.

### III. CONCLUSION

The court GRANTS Griffin's motion to remand. This action is REMANDED to the 334th Judicial District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas, on March 13, 2019.

_____
Gray H. Miller
Senior United States District Judge